## HENRY K. WING *vs.* ABBY FORD.

### Hancock. Opinion April 9, 1896.

*Bills and Notes. Liquors. Indorsee. Burden of Proof.*

Revised Statutes, c. 27, § 56, provides that no action shall be maintained upon any claim, demand or promissory note, contracted or given for intoxicating liquors; but the same statute contains this clause: "This section shall not extend to negotiable paper in the hands of the holder for a valuable consideration and without notice of the illegality of the contract."

Under this section, therefore, the defense that a note was given for intoxicating liquors cannot prevail against any holder for a valuable consideration without notice of the illegality of the contract; and it makes no difference whether such holder acquired the note before or after its maturity. Nor is the fact that a note was purchased after maturity, whether protested or not, any evidence that it was given for intoxicating liquors or for other illegal considerations.

Whenever a defendant sets up and proves as a defense that the note in suit was given for an illegal consideration, it becomes incumbent upon the plaintiff to prove that he is a holder for value without notice of the illegality of the contract. A holder makes out a prima facie case by proving that the note was indorsed to him for value, and can rely upon a presumption arising from his having given value for the note, that he obtained it without notice of the illegality, until this presumption is overcome by rebutting evidence; but where there is evidence upon both sides as to the several propositions necessary to be proved by the plaintiff, then the general burden of proof is upon him to make them out. It is not sufficient to defeat his recovery that the indorsee took the note under circumstances that ought to excite suspicion in the mind of a prudent man. It is simply a question as to whether or not the indorsee had actual knowledge.

*Held;* in this case, that there was ample evidence to authorize the jury to find that the plaintiff acquired title to the note in suit for a valuable consideration without notice of the illegality of the contract in its inception.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*H. E. Hamlin,* for plaintiff.

*F. L. Mason,* for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WIS-
WELL, STROUT, JJ,

WISWELL, J.    This is an action upon a negotiable promissory
note, brought by an indorsee.    The defense was that the note was
given for intoxicating liquors sold in violation of the law of this
State.    The verdict was for the plaintiff and the case comes to the
law court both upon exceptions and motion for a new trial.

1.    Exception is taken to the refusal of the presiding justice to
give the following requested instruction: " That where it has
appeared that this note was protested when it was due, that if the
jury are satisfied that this man wasn't the holder of· the note at
that time, that that is notice of some defect or illegality and that
he does not stand in the position of an innocent holder for value.
When this note was due it was protested.    Now if 'he bought it
after protest, there was a notice to the world of some defect in that
note."

The refusal to give this instruction was correct.    At common
law the fact that a note was given for intoxicating liquors would be
no defense to a suit upon it either by the payee or indorsee.    This
is made a defense in certain cases by R. S., c. 27, § 56; but the
same section contains this provision: " This section shall not extend
to negotiable paper in the hands of a holder for a valuable consid-
eration and ·without notice of the illegality of the contract."

Under this section therefore, the defense that the note was given
for intoxicating liquors can not prevail against any holder for a
valuable consideration without notice of the illegality of the con-
tract; and it makes no difference whether such holder acquired the
note before or after its maturity.    Nor is the fact that a note was
purchased after maturity, whether protested or not, any evidence
that it was given for intoxicating liquors or for other illegal consid-

eration.  *Field* v. *Tibbetts,* 57 Maine, 358; *Hapgood* v. *Needham,* 59 Maine, 442.

II.  Motion.  Whenever a defendant sets up and proves as a defense that the note was given for an illegal consideration, it becomes incumbent upon the plaintiff to prove that he is a holder for value without notice of the illegality of the contract.  The holder makes out a prima facie case by proving that the note was indorsed to him for value, and can rely upon a presumption arising from his having given value for the note, that he obtained it without notice of the illegality, until this presumption is overcome by rebutting evidence; but where there is evidence upon both sides as to the several propositions necessary to be proved by the plaintiff, then the general burden of proof is upon him to make them out.  *Cottle* v. *Cleaves,* 70 Maine, 256; *Kellogg* v. *Curtis,* 69 Maine, 212.  Nor is it sufficient to defeat his recovery that the indorsee took the note under circumstances that ought to excite suspicion in the mind of a prudent man.  *Farrell* v. *Lovett,* 68 Maine, 326.  It is simply a question as to whether or not the indorsee had actual knowledge.

Applying these general rules in relation to the burden of proof to the evidence in this case, we are satisfied that there was ample evidence to authorize the jury to find that the plaintiff acquired title to this note for a valuable consideration without notice of the illegality of the contract in its inception.

*Motion and exceptions overruled.*